**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| Midwest Operating Engineers Welfare Fund; Midwest Operating Engineers Pension Trust Fund; Midwest Operating Engineers Retirement Enhancement Fund; Operating Engineers Local 150 Apprenticeship Fund; Local 150 IUOE Vacation Savings Plan; Construction Industry Research and Service Trust Fund; and International Union of Operating Engineers, Local 150, AFL-CIO, | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) CIVIL ACTION<br>)<br>) NO. 19-CV-6803<br>) |
| Plaintiffs, | )<br>) |
| v. | )<br>)<br>) |
| Phoenix Energy Services, Inc., | )<br>) |
| Defendant. | ) |

## <u>COMPLAINT</u>

Plaintiffs, Midwest Operating Engineers Welfare Fund; Midwest Operating Engineers Pension Trust Fund; Midwest Operating Engineers Retirement Enhancement Fund; Operating Engineers Local 150 Apprenticeship Fund; Local 150 IUOE Vacation Savings Plan; (collectively "the Funds"); Construction Industry Research and Service Trust Fund ("CRF"); and International Union of Operating Engineers, Local 150, AFL-CIO (hereafter, "Local 150" or "the Union") bring this action to collect delinquent fringe benefit contributions and administrative dues from Defendant, Phoenix Energy Services, Inc. ("Phoenix").

## <u>COUNT I.  SUIT FOR DELINQUENT CONTRIBUTIONS</u>

### Facts Common to All Counts

1.      The Union is an employee organization under the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1002(4); and a labor organization under the Labor Management Relations Act ("LMRA"), 29 U.S.C. § 152(5).

2.      Defendant Phoenix is an "Employer" within the meaning of ERISA, 29 U.S.C. § 1002(5) and an "Employer" within the meaning of the LMRA, 29 U.S.C. § 152(2). It is a corporation engaged in the construction industry with its principal office in Genoa, Illinois.

3.      Phoenix identified Lori Bankson as President and Registered Agent with the Illinois Secretary of State (Exhibit A).

4.      On August 15, 2018, Phoenix through its Officer Cyndi Jensen signed a Memorandum of Agreement (attached as Exhibit B) with the Union that adopted the terms of multiple collective bargaining agreements, one of which is known as the Local 150 Heavy, Highway & Underground Agreement ("HHUA") (excerpts attached as Exhibit C).  Under the terms of the HHUA, Phoenix is obligated to make contributions to the Midwest Operating Engineers Health and Welfare Fund, the Midwest Operating Engineers Pension Trust Fund, the Retiree Medical Savings Plan, the Midwest Operating Engineers Retirement Enhancement Fund, the Local 150 I.U.O.E. Vacation Savings Plan, the Operating Engineers Local 150 Apprenticeship and Skill Improvement Fund, and the Midwest Operating Engineers Industry Advancement Fund and Construction Industry and Service Trust Fund.

5.      On April 25, 2019, Phoenix through its President and Owner Cyndi Jensen also signed a collective bargaining agreement with the Union known as the Fiber Optics & Cable Installation Agreement (excerpts attached as Exhibit D) ("FOCIA") (the HHUA and the FOCIA are hereinafter referred to collectively as the "CBAs").  Under the terms of the FOCIA, Phoenix obligated to make contributions to the Midwest Operating Engineers Health and Welfare Fund, the Midwest Operating Engineers Pension Trust Fund, and the Retiree Medical Savings Plan.

6.      The CBAs and the Agreements and Declarations of Trust incorporated therein require Phoenix to make fringe benefit contributions to the applicable Plaintiff fringe benefit funds.

2

The Funds are "employee welfare benefit plans" and/or "plans" within the meaning of ERISA, 29 U.S.C. § 1132(e)(2).

7.      The CBAs and Trust Agreements specifically require Phoenix to:

(a)      Submit a monthly report stating the names and number of hours worked by every person on whose behalf contributions are required and accompany these reports with payment of contributions based on an hourly rate identified in the CBAs;

(b)      Compensate the applicable fringe benefit funds for the additional administrative costs and burdens imposed by its delinquency through payment of liquidated damages in the amount of ten percent of untimely contributions, or twenty percent of such contributions should the applicable fringe benefit funds be required to file suit;

(c)      Pay interest to compensate the applicable fringe benefit funds for the loss of investment income;

(d)      Make its payroll books and records available to the applicable fringe benefit funds for the purpose of an audit to verify the accuracy of past reporting, and pay any and all costs incurred by the applicable fringe benefit funds in pursuit of an audit where a delinquency in the reporting or submission of contributions is identified;

(e)      Pay the applicable fringe benefit funds' reasonable attorneys' fees and costs incurred in the prosecution of any action to collect outstanding reports, delinquent contributions, or compliance with an audit request;

(f)      Furnish to the applicable fringe benefit funds a bond in an amount acceptable to the Funds.

8.      The HHUA also requires Phoenix to make contributions to CRF.  CRF is a labor management cooperative committee as that term is defined under Section 302(c)(9) of the LMRA, 29 U.S.C. § 186 (c)(9).  The HHUA places the same obligations on Phoenix with respect to CRF as it does the Funds.

9.      The CBAs further require Phoenix to deduct administrative dues from employees' wages and remit those dues to the Union on a monthly basis utilizing a form remittance report.

3

Where Phoenix does not do so, the Union is entitled to liquidated damages, attorneys' fees and any other cost of collection.

10.     Phoenix has become delinquent in the submission of its contributions due the applicable fringe benefit funds and CRF, and administrative dues to the Union.  As a result of this delinquency, it owes the applicable fringe benefit funds and CRF contributions, liquidated damages, interest, liquidated damages, attorneys' fees and any other cost of collection.

## Jurisdiction and Venue

11.     This Court has jurisdiction over this action pursuant to ERISA, 29 U.S.C. §§ 1132, 1145 and 28 U.S.C. § 1331, because ERISA is a federal statute.

12.     Venue is proper in this Court pursuant to Section 502(e)(2) of ERISA because the Funds are administered in Cook County, Illinois.

## Allegations of Violations

13.     ERISA states: "Every employer who is obligated to make contributions to a multiemployer plan under the terms of the plan or under the terms of a collectively bargained agreement shall, to the extent not inconsistent with law, make such contributions in accordance with the terms and conditions of such plan or such agreement." 29 U.S.C. § 1145.

14.     Where an employer fails to submit contribution reports and contributions timely, ERISA permits the Funds to file suit under ERISA to collect the fringe benefit contributions, liquidated damages, interest, attorneys' fees and costs.  ERISA also permits the Funds to seek an injunction that requires submission of outstanding reports so that the Funds may determine whether additional sums are due to the Funds.  Alternatively, the Funds may seek an audit to establish whether such sums are due, and/or estimate the amounts due.

4

15.     Phoenix has violated ERISA and breached the CBAs and the Trust Agreements because it has failed to timely submit its contributions to the applicable fringe benefit funds and refused to pay liquidated damages and interest that has accrued.

16.     Upon careful review of all records maintained by the Funds, and after application of any and all partial payments made by Phoenix, there is a total of $62,649.15 known to be due the Funds from Phoenix, before the assessment of fees and costs, and subject to the possibility that additional contributions, liquidated damages, and interest will become due while this lawsuit is pending.

WHEREFORE, the Funds respectfully request that the Court:

A.     Enter judgment in favor of the Funds and against Phoenix for all unpaid contributions as identified in Phoenix's contribution reports;

B.     Enjoin Phoenix to perform specifically its obligations to the Funds, including submission of the required reports and contributions due thereon to the Funds in a timely fashion as required by the plans and by ERISA;

C.     Enjoin Phoenix at the Funds' option to submit to an audit of its payroll books and records in order to determine whether Phoenix owes additional sums to the Funds, and pay the costs of such an audit; or alternatively at the Funds' option require Phoenix to pay any contributions reasonably estimated to be due by the Funds for the period when Phoenix failed and refused to timely submit contribution reports;

D.     Enter judgment against Phoenix and in favor of the Funds for liquidated damages, interest, attorneys' fees and costs associated with all delinquent contributions;

E.     Provide the Funds with such further relief as may be deemed just and equitable by the Court, all at Phoenix's cost.

## COUNT II.  SUIT TO COLLECT CRF CONTRIBUTIONS

1-9.     CRF re-alleges and incorporates herein by reference paragraphs 1 through 9 of Count I as if fully stated herein.

5

**Jurisdiction and Venue**

10.     This Court has jurisdiction over this action pursuant to § 301 of the LMRA, 29 U.S.C. § 185 and 28 U.S.C. § 1331.

11.     Venue is proper in this Court pursuant to 29 U.S.C. § 185(a) because this Court has jurisdiction over the parties, and CRF's principal office is located within the geographic jurisdiction of this Court.

**Allegations of Violations**

12.     Phoenix has failed to make timely payment of all contributions acknowledged to be due according to Phoenix's own contribution reports and the collective bargaining agreement, and Phoenix has failed to pay interest and liquidated damages required by the HHUA. Accordingly, Phoenix is in breach of its obligations to the CRF under the HHUA.

13.     That upon careful review of all records maintained by CRF, and after application of any and all partial payments made by Phoenix, there is a total of $468.87 known to be due to CRF from Phoenix subject to the possibility that additional contributions and liquidated damages will become due while this lawsuit is pending.

WHEREFORE, CRF respectfully requests that the Court:

A.     Order Phoenix to submit any delinquent monthly contribution reports;

B.     Enter judgment in favor of CRF and against Phoenix for all unpaid contributions, liquidated damages, interest, CRF's reasonable attorneys' fees and costs;

C.     Enjoin Phoenix to perform specifically its obligations to CRF including timely submission of reports and contributions as required by the plans and the HHUA;

D.     Award CRF such further relief as may be deemed just and equitable by the Court, all at Phoenix's cost.

6

## COUNT III. SUIT TO COLLECT UNION DUES

1-9.    The Union re-alleges and incorporates herein by reference paragraphs 1 through 9 of Count I as if fully stated herein.

### Jurisdiction and Venue

10.    This Court has jurisdiction over this action pursuant to § 301 of the LMRA, 29 U.S.C. § 185.

11.    Venue is proper in this Court pursuant to 29 U.S.C. § 185(a) because the Court has jurisdiction over the parties and the Union's principal office is located within the geographic jurisdiction of this Court.

### Allegations of Violations

12.    Phoenix has failed to make timely payment of all administrative dues acknowledged to be due according to Phoenix's own reports and the collective bargaining agreement. Phoenix is required to pay liquidated damages by the CBAs.  Accordingly, Phoenix is in breach of its obligations to the Union under the CBAs.

13.    That upon careful review of all records maintained by the Union, and after application of any and all partial payments made by Phoenix, there is a total of $1,659.89 known to be due to the Union from Phoenix before the assessment of fees and costs subject to the possibility that additional contributions and liquidated damages will become due while this lawsuit is pending.

WHEREFORE, the Union respectfully requests that the Court:

A.    Order Phoenix to submit all delinquent monthly dues reports;

B.    Enter judgment in favor of the Union and against Phoenix for all unpaid dues, liquidated damages, the Unions reasonable attorneys' fees and costs, including any amounts estimated to be due because Phoenix failed to submit all dues reports required by the CBAs;

7

C.      Enjoin Phoenix to perform specifically its obligations to the Union including timely submission of reports and contributions as required by the plans and the CBAs;

D.      Award the Union such further relief as may be deemed just and equitable by the Court, all at Phoenix's cost.

Dated: October 15, 2019                              Respectfully submitted,


                                        By:   s/ Brad H. Russell
                                              One of the Attorneys for the Plaintiffs

Attorneys for the Funds and CRF:             Attorneys for Local 150:

Dale D. Pierson *(dpierson@local150.org)*    Dale D. Pierson *(dpierson@local150.org)*
Brad H. Russell *(brussell@local150.org)*    Brad H. Russell *(brussell@local150.org)*
Institute for Worker Welfare, P.C.           Local 150 Legal Dept.
6140 Joliet Road                             6140 Joliet Road
Countryside, IL 60525                        Countryside, IL 60525
Ph: (708) 579-6669                           Ph: (708) 579-6663
Fx: (708) 588-1647                           Fx: (708) 588-1647

8